IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES WINSTON DANIELS, II, and LINDA LEE OSWALD, Both Adults, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CONAGRA, INC. a Foreign Corporation,<br><br>Defendant. | Case No. 2:07-cv-0259MJP |

## PROTECTIVE ORDER OF CONFIDENTIALITY

The Parties, as set forth in the caption above, having jointly moved for an Agreed Protective Order of Confidentiality pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and it being in the interests of justice, THE COURT HEREBY FINDS that to preserve and maintain the confidentiality of certain documents to be produced by the Parties in this action, all things and testimony produced by the Parties or non-Parties in this litigation, formally or informally, shall be subject to the terms of this Protective Order of Confidentiality as set forth below:

PROTECTIVE ORDER ON CONFIDENTIALITY
~ Page 1 of 12
Case No. 2:07-cv-0259MJP

**MARLER CLARK, L.L.P., P.S.**
701 5th Avenue, Ste. 6600
Seattle, WA  98104
Telephone:  (206) 346.1888

1.      Whenever a party or non-party subpoena respondent in this case is called upon to produce or make available to any other party information or material, whether oral, written or demonstrative, including any documents, interrogatory answers, admissions, things, deposition testimony or other information that it reasonably believes to be confidential and proprietary in nature, as described in Paragraph 2 below, the party producing the information may designate it as "Confidential Information" or "Confidential – Attorneys Eyes Only" as provided for in this Order.

2.      As used in this Order, "Confidential Information" shall include all information and material that the producing party has reasonable grounds to believe would, if disclosed to the public, be harmful or potentially harmful to the producing party. "Confidential Information" shall specifically include, without limitation, confidential and proprietary business information produced by the parties including non-public sales, marketing, customer and financial information, non-public business methods, and processes, employment records, personal employee records, medical records, confidential agreements and all other information whose value depends in part on the secrecy and limited distribution of the information or that is protected as confidential by applicable laws or the release of which would invade an individual's privacy or cause public humiliation, embarrassment or ridicule. The designation, "Confidential – Attorneys Eyes Only" shall be limited to information that the producing party reasonably believes constitutes a trade secret.

3.      Any summaries of "Confidential Information" or "Confidential – Attorneys Eyes Only" that quote from, identify or refer to the "Confidential Information" or "Confidential – Attorneys Eyes Only" information with such specificity that the information can be identified or by reasonably logical extension can be identified, shall be accorded the same status of

PROTECTIVE ORDER ON CONFIDENTIALITY
~ Page 2 of 12
Case No. 2:07-cv-0259MJP

**MARLER CLARK, L.L.P., P.S.**
701 5th Avenue, Ste. 6600
Seattle, WA 98104
Telephone: (206) 346.1888

confidentiality as the underlying materials or information from which the summaries are made, and shall be subject to all of the terms of the Protective Order.

4. The Parties may designate depositions or other testimony concerning "Confidential Information" or "Confidential – Attorneys Eyes Only" confidential by:

(a) Stating orally on the record the day the testimony is given that the information is expected to be "Confidential Information" or "Confidential – Attorneys Eyes Only;" and

(b) Sending written notice designating by page and line the portions of the transcript of the deposition or other testimony to be treated as "Confidential Information," or "Confidential – Attorneys Eyes Only" within 20 days after receipt of the transcript.

"Confidential Information" or "Confidential – Attorneys Eyes Only" information attached as exhibits to depositions shall be placed in sealed envelopes or other appropriate containers endorsed to the effect that they are sealed pursuant to this Protective Order by reason of containing "Confidential Information" and/or "Confidential – Attorneys Eyes Only" information and shall be maintained under seal and not disclosed, except to the Court, except upon further Order of this Court.

5. Except as otherwise provided by this Protective Order, access to and disclosure of "Confidential – Attorneys Eyes Only" material shall be used for purposes of prosecuting or defending this litigation, shall not be used for any business, commercial or competitive purposes, and shall not be revealed, discussed or disclosed in any manner or in any form to any person, entity or judicial tribunal other than:

(a) Attorneys representing a party in this litigation, including in-house counsel, and the employees and support staff of such attorneys;

PROTECTIVE ORDER ON CONFIDENTIALITY
~ Page 3 of 12
Case No. 2:07-cv-0259MJP

**MARLER CLARK, L.L.P., P.S.**
701 5th Avenue, Ste. 6600
Seattle, WA 98104
Telephone: (206) 346.1888

(b) With the written consent of the producing party or producing non-party respondent, attorneys representing a party in litigation alleging injury from the consumption of Peter Pan or Great Value brands peanut butter allegedly contaminated with Salmonella, and the employees and support staff of such attorneys;

(c) Any expert or consultant retained by an attorney of record in this litigation for the purpose of this litigation and his or her staff;

(d) The Court and any of its staff and personnel;

(e) Court reporters, videographers and third parties retained by an attorney of record in this litigation to provide litigation related support services such as graphics, trial exhibit, photocopy services or document collection, retrieval or storage services;

(f) Any witness or potential witness in this litigation who is identified in a document as a prior recipient thereof or to whom, in the good faith judgment of counsel for a party reasonably exercised, disclosure of the material is necessary for purposes of prosecuting or defending the litigation; and

(g) Any other person who is designated by written stipulation of the parties or by Order of the Court.

6. "Confidential – Attorneys Eyes Only" materials shall not be shown or disclosed to persons described in paragraphs 5(b), 5(c), 5(e), 5(f) or 5(g) until that person shall be shown this Protective Order and signs and dates a written agreement to be bound by the terms of this Protective Order, which agreement shall be identical to that set forth in Appendix A of this Protective Order.

7. Except as otherwise provided by this Protective Order, access to and disclosure of "Confidential Information" shall be used for purposes of prosecuting or defending this

PROTECTIVE ORDER ON CONFIDENTIALITY
~ Page 4 of 12
Case No. 2:07-cv-0259MJP

**MARLER CLARK, L.L.P., P.S.**
701 5th Avenue, Ste. 6600
Seattle, WA 98104
Telephone: (206) 346.1888

litigation only, shall not be used for any business, commercial or competitive purposes, and shall not be revealed, discussed or disclosed in any manner or in any form to any person, entity or judicial tribunal other than:

    (a)    Attorneys representing a party in this litigation, including in-house counsel, and the employees and support staff of such attorneys;

    (b)    With the written consent of the producing party or producing non-party respondent, attorneys representing a party in litigation alleging injury from the consumption of Peter Pan or Great Value brands peanut butter allegedly contaminated with Salmonella, and the employees and support staff of such attorneys;

    (c)    Officers, directors and employees of the Parties to whom it is reasonably necessary that the Confidential Information be shown for purposes of prosecuting or defending the litigation;

    (d)    Any expert or consultant retained by an attorney of record in this litigation for the purpose of this litigation and his or her staff;

    (e)    The Court and any of its staff and personnel;

    (f)    Court reporters, videographers and third parties retained by counsel to a party in this litigation to provide litigation related support services such as graphics, trial exhibit, photocopy services or document collection, retrieval or storage services;

    (g)    Any witness or potential witness in this litigation who is identified in a document as a prior recipient thereof or to whom, in the good faith judgment of counsel for a party reasonably exercised, disclosure of the material is necessary for purposes of prosecuting or defending the litigation; and

    (h)    Any other person who is designated by written stipulation of the parties

PROTECTIVE ORDER ON CONFIDENTIALITY  
~ Page 5 of 12  
Case No. 2:07-cv-0259MJP

MARLER CLARK, L.L.P., P.S.  
701 5th Avenue, Ste. 6600  
Seattle, WA 98104  
Telephone: (206) 346.1888

or by Order of the Court, after notice to all parties.

8. Materials designated "Confidential Information" shall not be shown or disclosed to persons described in paragraphs 7(b), 7(d), 7(f), 7(g) and 7(h) until that person shall be shown this Protective Order and signs and dates a written agreement to be bound by the terms of this Protective Order, which agreement shall be identical to that set forth in Appendix A of this Protective Order.

9. Any party or non-party disclosing or producing documents containing "Confidential Information" or "Confidential – Attorneys Eyes Only" information shall affix a label, stamp or mark on the first page of each such document, stating "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." Such labeling, stamping or marking shall be made prior to producing the document or thing to the discovering party for inspection or copying. The failure to so label or mark any item will not in any manner be deemed an admission by the Producing Party of lack of proprietary interest or confidentiality of such item.

10. All persons who receive "Confidential Information," "Confidential – Attorneys Eyes Only" and/or material or information accorded the status of confidentiality in this action shall:

(a) Maintain the confidentiality of such material and information; and

(b) Not release or disclose the "Confidential Information," or "Confidential – Attorneys Eyes Only" information or the nature, substance or contents thereof to any persons not entitled to receive such material or information under the terms of this Order.

11. A party or any person may designate the deposition testimony of a witness as "Confidential Information" or "Confidential – Attorneys Eyes Only" by so stating on the record at the time of such testimony. Such designation shall apply only to that portion of the testimony

PROTECTIVE ORDER ON CONFIDENTIALITY  
~ Page 6 of 12  
Case No. 2:07-cv-0259MJP

**MARLER CLARK, L.L.P., P.S.**  
701 5th Avenue, Ste. 6600  
Seattle, WA 98104  
Telephone: (206) 346.1888

that is actually designated as "Confidential Information" or "Confidential – Attorneys Eyes Only." In the absence of such a statement at the time testimony is given, the testimony of the witness shall not be considered "Confidential Information" or "Confidential – Attorneys Eyes Only" information unless, within twenty (20) days after the receipt of the transcript of the deposition by counsel for the designating Party or non-Party, such counsel shall designate in writing to opposing counsel the specific pages and lines containing such "Confidential Information" or "Confidential – Attorneys Eyes Only." The confidential portions of a deposition shall be taken only in the presence of persons entitled to access to such information under this Order.

12. The inadvertent or unintentional failure of a Producing Party to designate specific documents, information or testimony as "Confidential Information" or "Confidential – Attorneys Eyes Only" shall not be deemed a waiver of the Producing Party's claim of confidentiality or right to designate it as such upon discovery of the failure. Upon notice of any such failure to designate, the Receiving Party shall reasonably cooperate to preserve an ongoing formal basis the confidentiality of any inadvertently undesignated documents, information or testimony.

13. This Order shall not prevent a party from applying to the Court: (a) for relief therefrom; (b) for either enlargement or restriction of the rights of access to and/or use of materials designated as "Confidential Information" or "Confidential - Attorneys Eyes Only"; (c) to challenge the propriety of the designation of certain information as "Confidential Information" or "Confidential - Attorneys Eyes Only" and/or the procedure for handling the same; (d) for further or additional protective orders; or (e) to modify this Order, subject to Court approval.

PROTECTIVE ORDER ON CONFIDENTIALITY
~ Page 7 of 12
Case No. 2:07-cv-0259MJP

**MARLER CLARK, L.L.P., P.S.**
701 5th Avenue, Ste. 6600
Seattle, WA  98104
Telephone:  (206) 346.1888

14. In the event that a party desires to provide access to or disseminate "Confidential Information" or "Confidential – Attorneys Eyes Only" information to any person not otherwise entitled to access such information, and the parties cannot agree thereon, then the party may move the Court for an order that such person be given access thereto. In the event that the motion is granted, such person may have access to the "Confidential Information" or "Confidential – Attorneys Eyes Only" information after first signing, under oath, an undertaking in the form of Exhibit A attached hereto, a copy of which shall be forwarded promptly thereafter to counsel for the producing party.

15. The execution of this Protective Order shall not in any way detract from the right of a party to object to the production of discovery materials on grounds other than confidentiality.

16. The parties agree that, to the full extent allowed by the Court under Local CR 5(g), any "Confidential – Attorneys Eyes Only" information, including any documents, pleadings, motions, transcripts or other filings that disclose the contents or substance thereof, shall be filed under seal. If no challenges to confidentiality designations of the documents to be submitted or filed have been made pursuant to Paragraph 18 of this Order, the parties shall jointly move to seal the relevant documents pursuant to Local CR 5(g)(2) by written stipulation and agreed order. If any party wishes to submit or file any "Confidential Information" with the Court, including any documents, pleadings, motions, transcripts or other filings that disclose the contents or substance thereof, that party shall provide written notice to the Producing Party of its intent to publicly file the "Confidential Information" no less than four business days in advance of the filing. The written notice shall describe the "Confidential Information" by bates number or with sufficient specificity to allow the Producing Party to identify the "Confidential

PROTECTIVE ORDER ON CONFIDENTIALITY
~ Page 8 of 12
Case No. 2:07-cv-0259MJP

**MARLER CLARK, L.L.P., P.S.**
701 5th Avenue, Ste. 6600
Seattle, WA 98104
Telephone: (206) 346.1888

Information." The Producing Party may then move to protect such information under seal in accordance with the provisions of Local CR 5. In accordance with Local CR 5(g), each document to be filed under seal shall be submitted in a separate envelope, clearly identifying the enclosed document and stating that the document is "FILED UNDER SEAL."

17. Nothing contained in this Protective Order shall prevent a party to this action from using its own "Confidential Information" or "Confidential – Attorneys Eyes Only" and material in any way that it sees fit, or from revealing its own "Confidential Information" or "Confidential – Attorneys Eyes Only" and material to whomever it chooses, without prior consent of any person or of the Court.

18. Nothing in this Order shall be deemed to preclude any party from challenging the validity of the confidentiality of any materials so designated. If any party elects to challenge the designation of confidentiality of any document or information pursuant to this Order, that party shall notify the party claiming confidentiality of its challenge, in writing, within 21 days of receipt of the challenged document or information. No challenge to the confidentiality of any document or information so designated shall thereafter be permitted. Within 30 days of the receipt of such written notice, the designating party will either voluntarily remove the confidential designation or inform the challenging party that it will not remove the confidential designation. Thereafter, the designating party may move the Court for an order seeking the protections established by this Order. All documents, testimony or other materials designated by a party as confidential, however, shall retain their confidential status until such time as the parties' contentions regarding the confidentiality of documents so designated are fully and finally adjudicated, including such appeal(s), as any party may desire.

PROTECTIVE ORDER ON CONFIDENTIALITY
~ Page 9 of 12
Case No. 2:07-cv-0259MJP

MARLER CLARK, L.L.P., P.S.
701 5th Avenue, Ste. 6600
Seattle, WA  98104
Telephone:  (206) 346.1888

19.     Upon written request of the party that designated the documents as confidential, after final termination of this litigation (including the time for any appeal), counsel shall arrange for the return of all copies of any and all "Confidential Information" or "Confidential – Attorneys Eyes Only" information provided by them to any person or entity pursuant to this Order and shall return all such information, including "Confidential Information" or "Confidential – Attorneys Eyes Only" information in counsel's possession, to the producing party or producing non-party or certify in writing to the producing party or producing non-party that all such information has been destroyed.  If return of the documents is requested, all reasonable costs of such return shall be borne by the requesting party.  However, counsel may retain copies in confidence of any "Confidential Information" that contains any attorney or expert work product or any attorney or expert work product that contains or reflects "Confidential Information."

20.     In the event any "Confidential Information" or "Confidential – Attorneys Eyes Only" information is used in any proceeding as set forth herein, it shall not lose its designated status through such use.  The entry of this Order shall not be construed to broaden or narrow any party's obligation to produce information pursuant to the applicable rules of discovery.  Nothing in this Order shall be construed as a waiver of any right to object to the production of information in response to discovery.

21.     This Order does not govern use of "Confidential Information" or "Confidential – Attorneys Eyes Only" at trial.   Nothing in this Order shall prevent a party from using any "Confidential Information" or "Confidential – Attorneys Eyes Only" at the trial or in any proceeding in this litigation subject to such limitations as the court may impose upon proper application.

PROTECTIVE ORDER ON CONFIDENTIALITY
~ Page 10 of 12
Case No. 2:07-cv-0259MJP

**MARLER CLARK, L.L.P., P.S.**
701 5th Avenue, Ste. 6600
Seattle, WA  98104
Telephone:  (206) 346.1888

22. Violation by any person of any provision of this Protective Order may be punishable as contempt of Court, or as the Court otherwise orders. Further, a party may pursue any and all civil remedies available to it for breach of the terms of this Order.

IT IS SO ORDERED.

DATED this _18th day of MAY, 2007.

_____
Marsha J. Pechman
U.S. District Judge

ORDER PRESENTED BY:

Counsel for the Plaintiffs:
MARLER CLARK, L.L.P., P.S.

   /s/  Denis W. Stearns
William Marler, Esq.
Denis W. Stearns, Esq.
6600 Columbia Center
701 Fifth Avenue
Seattle, WA 98104
Telephone 206.346.1888
Facsimile 206.346.1898


Counsel for the Defendant:
Bullivant Houser Bailey, P.C.


   /s/David A. Ernst
David A. Ernst, Esq.
300 Pioneer Tower
888 SW Fifth Avenue
Portland, OR  97204-2089

PROTECTIVE ORDER ON CONFIDENTIALITY
~ Page 11 of 12
Case No. 2:07-cv-0259MJP

**MARLER CLARK, L.L.P., P.S.**
701 5th Avenue, Ste. 6600
Seattle, WA  98104
Telephone:  (206) 346.1888

1

2   AND:

3   James Walsh, Esq.
    McGuireWoods LLP
4   One James Center
    901 East Cary Street
5   Richmond, VA 23219-4030
    Telephone: (804) 775.4356
6   Facsimile: (804) 698.2200

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PROTECTIVE ORDER ON CONFIDENTIALITY
~ Page 12 of 12
Case No. 2:07-cv-0259MJP

**MARLER CLARK, L.L.P., P.S.**
701 5th Avenue, Ste. 6600
Seattle, WA 98104
Telephone: (206) 346.1888